UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOOTS CAPITAL MANAGEMENT, LLC; §<br>4M INVESTMENTS, LLC; 4M §<br>MANAGEMENT PARTNERS, LLC; and §<br>TED B. MILLER, JR., §<br> §<br>    *Plaintiffs*, §<br> §<br>v. §<br> §<br>WOOLERY & CO. PLLC and JAMES C. §<br>WOOLERY, §<br> §<br>    *Defendants*. §<br> § | Civil Action No. 4:24-cv-05120 |

## DEFENDANTS' MOTION FOR LEAVE TO FILE ITS ANSWER

Defendants Woolery & Co. PLLC and James C. Woolery ("Defendants") file this Motion for Leave to File Its Answer ("Motion for Leave"), and would show the Court as follows:

### FACTUAL BACKGROUND

This case arises from a dispute between Defendants Woolery & Co. PLLC and James C. Woolery, and Plaintiffs Boots Capital Management, LLC, 4M Investments, LLC, 4M Management Partners, LLC, and Ted B. Miller, Jr., concerning the amount of attorney fees owed under an Engagement Agreement signed between Woolery & Co., PLLC and 4M Investments, LLC, on September 12, 2023.

On November 5, 2024, Plaintiffs filed their Original Petition in the 11th District Court of Harris County, Texas, which was docketed as Cause No. 2024-77928. *See* Notice of Removal Exs. 2 & 4 [Dkt. No. l-2 and 1-4]. Plaintiffs' Original Petition alleges that Defendants improperly billed them for services rendered in proceedings in connection with a proxy fight related to Crown Castle, Inc. *See* Orig. Complaint [Dkt. No 1-2] ¶¶ 21–25. They further allege these billings were not

covered by an Engagement Agreement executed between the parties and seek a declaratory judgment that, *inter alia*, the Engagement Agreement is the only agreement between the parties, that 4M Investments substantially performed under the Engagement Agreement, and that none of the Plaintiffs are liable for the purportedly improper billing from Defendants. *See id.* ¶¶ 21–26.

Defendants did not answer the Original Petition in state court. On December 30, 2024, Defendants removed the proceeding to this Court. *See generally* Notice of Removal [Dkt. No. 1]. Due to a calendaring error, this meant Defendants actually filed their Notice to Remove more than a week before the statutorily imposed deadline. *See* Waiver of Service [Dkt. No 1-1] (waiver of service dated December 9, 2024); *see also* 28 U.S.C. § 1446(b) (requiring notice of removal to be filed within 30 days of service). Later that day, counsel for Defendants filed a notice of appearance in this Court, indicating their intent to litigate the case. *See* Notice of Appearance [Dkt. No. 2].

Under Federal Rule of Civil Procedure 81(c)(2), Defendants' "answer or . . . other defense or objections" was due on January 6, 2024, the first Monday of the New Year. Counsel for Defendants were celebrating the holidays and traveling during the week of December 30, as well as portions of the week of January 6. Furthermore, the holiday season and the accompanying travel made it exceedingly challenging for counsel to file an extension to the deadline imposed by Rule 81(c)(2). And Defendants have promptly responded within a week of the deadline and before the case has been formally assigned. Furthermore, Defendants have demonstrated their intent to litigate this case through correspondence with Plaintiffs' counsel and through other actions that demonstrate Defendants' failure to timely answer or respond was in good faith and was reasonable.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1), a court may, for good cause, grant a motion to extend the time deadline where the movant "failed to act because of excusable neglect." Fed. R.

Civ. P. 6(b)(1)(B). The Supreme Court has explained Rule 6 makes "clear that 'excusable neglect' under [the Rule] is a somewhat 'elastic concept'" that should be given wide breadth. *See, e.g.*, *Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). "It is not surprising, then, the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays," including delays that might "not usually constitute 'excusable neglect.'" *Id.* at 391–92. The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission" including (1) the danger of prejudice to the non-moving party, (2) the potential impact of the delay on the underlying proceedings, (3) the reason for the delay, and (4) whether the party acted in good faith in seeking the extension.  *See id.* at 395; *see also Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, 2013 WL 63886563, at *4 (N.D. Tex. Dec. 5, 2013) (citing and applying *Pioneer* in the Rule 81(c)(2) context).

The Fifth Circuit has explained that, in determining whether a deadline should be extended under Rule 6, courts should consider (1) prejudice to the opposing party, (2) length of the delay, and (3) reason for the delay. *Silvercreek Mgmt., Inc. v. Banc of America Secs., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (citing *Pioneer*).

## ARGUMENT

The Court should grant Defendants' Motion for Leave because Defendants can meet each of the factors enumerated by the Supreme Court in *Pioneer* and the Fifth Circuit in *Silvercreek*. Extending the deadline does not prejudice Plaintiffs given the early stages of this proceeding, Defendants' multiple indications that they intended to litigate this dispute, and Plaintiffs' prior notice of the allegations in the Answer. The length of delay also justifies a finding of good cause, as the request for extension was made less than a week after the deadline. The reason for the delay

3

is also excusable: Defendants filed to timely file by Rule 81(c)(2) based on the holiday season and the challenges of communicating and coordinating a response given the season. Finally, it would be inequitable to deny Defendants' request to excuse the deadline under Rule 6, as Plaintiffs' tactics make clear it intends to use Defendants' delay in the basis for seeking default judgment, a result that would be highly unfavored under federal law. *See, e.g.*, *Strukmyer*, 2013 WL 6388563 at \*4 and cases cited therein.

### A. There Is No Prejudice to Plaintiffs By Granting the Motion for Leave.

First, there is no prejudice to Plaintiffs if the Court grants the Motion for Leave. It has long been the case in the Fifth Circuit that mere delay in responding does not constitute prejudice. *See, e.g.*, *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (citing *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Instead, the non-moving party "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelson v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)).

Here, given the early stages of these proceedings, Plaintiff cannot demonstrate there is any "prejudice" other than mere delay. As an initial matter, due to a calendaring error, Defendants' Notice of Removal was actually filed before the deadline required. *See* Waiver of Service [Dkt. No 1-1]; *see also* 28 U.S.C. § 1446(b)(1) (stating a notice of removal may be filed within 30 days after service of the complaint). Thus, Plaintiffs have not even effectively suffered delay because, if Defendants had filed the notice of removal on the deadline, its response would not yet be due under Rule 81(c)(2).

Furthermore, nothing about extending the deadline by one week will result in loss of evidence related to this case, particularly given the specifics of this case. Plaintiffs have requested

a declaratory judgment on the interpretation of an Engagement Agreement and Defendants' entitlement to other fees Defendants incurred in representing Plaintiffs in proceedings related to the scope of the Engagement Agreement. Other relevant evidence, including correspondence between the parties, is not susceptible to loss should the deadline be extended given it remains in the custody and control of one party, if not both.

Similarly, extending the deadline accords no difficulties in discovery: indeed, discovery has not even commenced, the Rule 26 conference has not yet occurred (much less been scheduled), and a Scheduling Order has not yet been entered in this case.

There is no greater opportunity for fraud or collusion if the Court grants the requested extension. Defendants have drafted their initial Answer, attached as Exhibit A to this Motion, and therefore there can be no colorable claim that Defendants have sought the extension to try to leverage "greater opportunities for fraud and collusion."

Finally, the circumstances of this case make a finding of prejudice particularly inapt. Plaintiffs and their counsel have long been on notice that Defendants intend to contest their claims for declaratory judgment, as Defendants sent a letter to Plaintiffs in response to the Original Petition outlining its objections to Plaintiffs' claims and the reasons it disagreed with the allegations asserted in the Original Complaint. Furthermore, counsel for Defendants have entered an appearance in the instant action. Plaintiffs therefore cannot claim that they are surprised or prejudiced either by Defendants' intent to respond to the allegations in the Original Complaint or by the specific defenses, responses, and claims asserted therein.

Accordingly, this factor supports granting the Motion for Leave.

**B.  The Length of Delay Supports Granting the Motion for Leave.**

The relatively short length of the delay also supports granting the motion for leave. District courts across the Fifth Circuit have consistently found that delays of longer than a week are nevertheless excusable under Rule 6(b). *See, e.g.*, *Blake v. Peake*, 2008 WL 5114655, at *3 (S.D. Tex. Dec. 3, 2008) (explaining that party demonstrated excusable neglect where there was a two-month delay in responding); *Mattress Giant Corp. v. Motor Adverising & Design, Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (finding delay of under three weeks after the deadline had passed was excusable under Rule 6); *see also Friedman & Feiger, LLP v. ULofts Luubok, LLC*, 2009 WL 3378401, at *2 (N.D. Tex. 2009) (finding delay of 12 days constituted excusable neglect where it was filed before the Clerk of Court entered default).

Furthermore, the Northern District of Texas has excused a one-week delay in filing a responsive pleading under Rule 81(c)(2) under similar circumstances; in fact, in that case, the Court apparently determined *sua sponte* that a delay of one week justified a finding that the filing was timely under Rule 6(b). *Strukmyer*, 2013 WL 6388563, at *5. As the Court explained, the week-long delay did not "impact the proceedings in a negative fashion" or result in legal prejudice, and there was "no indication of bad faith on Defendants' party in filing their motion when they did." *Id.*

Thus, Defendants' delay of one week is well within the range of time accepted by courts throughout the Circuit sufficient to establish excusable neglect under Rule 6, and this factor favors granting the Motion for Leave. While not an excuse, the pendency of the holidays have complicated Defendants' schedules; but Defendants are attempting to rectify any oversight within a matter of days.

6

### C.  The Reason for Delay Supports Granting the Motion for Leave.

The reasons for delay also support granting the Motion for Leave. As the Supreme Court explained in *Pioneer*, courts of appeals have routinely held that excusable neglect covers reasons that might not usually constitute excusable neglect, including late filings caused by "inadvertence, mistakes, or carelessness," even when an otherwise adequate excuse is not offered. *Pioneer*, 507 U.S. at 388; *see also In re Painewebber Limited Partnerships Litigation*, 147 F.3d 132, 135 (2d Cir. 1998) (explaining excusable neglect encompasses "even those omissions caused by circumstances with the movant's control"). Instead, a reason for delay supports a finding of excusable neglect where the party who seeks to extend a deadline demonstrates good faith and a reasonable basis for noncompliance. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165, at 480 (cited in *Pioneer*, 507 U.S. at 392 n.8).

Defendants' reason for delay is both made in good faith and is reasonable. The seven days following the notice or removal consisted of New Years Eve, New Years Day, and two remaining days that were further devoted to the holidays and travel for Defendants and Defendants' counsel. This made communication between counsel and client very difficult, and that week was largely lost as a result. Defendants promptly filed an answer upon returning from the holiday season (an answer, it should be noted, that would have been timely had Defendants sought to remove on the deadline).

Furthermore, the holiday week made requesting an extension difficult if not impossible. Not only would requesting an extension from opposing counsel have been difficult given the holidays, receiving an extension in the midst of the holiday season would have been extremely difficult. And Defendants' good faith in delaying to answer is amply demonstrated by its prompt

7

filing here and its consistent representations to Plaintiffs' counsel that it intended to litigate this dispute. Thus, even if the Court were to conclude Defendants' failure to timely file were the result of "inadvertence, mistakes, or carelessness," this neglect is nevertheless excusable under Supreme Court precedent.

Thus, this factor also supports granting the Motion for Leave.

**D.  It Would Be Inequitable to Deny the Motion for Leave.**

Finally, "taking into account all of the relevant circumstances," denying the Motion for Leave would work an inequitable result. *See Pioneer*, 507 U.S. at 395. Plaintiff has filed what it styles a "Notice of Facts Constituting Default Under Federal Rule 55(a)," *see* Dkt. No 4, requesting the Clerk enter default based on the deadline contemplated in Rule 81(c)(2). Plaintiffs therefore apparently intend to leverage Defendants' untimely filing in this case to seek a default judgment under Federal Rule of Civil Procedure 55(b), given that the preliminary step to such relief requires a request—supported by affidavit or other competent proof—to the clerk for entry of default. *See* Fed. R. Civ. P. 55(a). As noted above, this request is particularly egregious given Defendants' filing of the Notice to Remove before the deadline under the Rules: had Defendants filed the Notice to Remove on the deadline, it would still have three days to answer or otherwise respond. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 81(c)(2).

Denying Defendants' Motion for Leave would therefore open the door to an entry of default and default judgment, a result that would be highly inequitable and contrary to blackletter principles that default judgments should not be issued where a defendant merely failed to meet a procedural time requirement. *See, e.g.*, *Lacy*, 227 F.3d at 292; *see also Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). This is why, as Judge Rosenthal has explained, "the case law indicates that courts are more inclined to grant a Rule 6(b)

8

motion if denying it would be tantamount to granting a default judgment." *Blake*, 2008 WL 5114655 at \*1; *see also Dillard v. Fieldcrest Cannon, Inc.*, 7 F.3d 223, 1993 WL 393339, at \*1 (4th Cir. Oct. 6, 1993) (reversing denial of request to file untimely response because the district court failed to consider, as it must, "the available of less drastic sanction" that would result from the denial of the Rule 6(b) motion). Indeed, the Northern District of Texas, in considering an untimely filing under Rule 81(c)(2), specifically explained that such tactics are disfavored under the federal Rules, where there is a "strong policy in favor of deciding cases on the merits" and where the good cause standard for setting aside default is a liberal one. *See Strukmyer*, 2013 WL 6388563, at \*4. Furthermore, ultimately issuing default judgment in this case would be particularly inequitable given Plaintiffs' failure to demonstrate this Court or any court in Texas retains personal jurisdiction over the Defendants, a defense that has been preserved. *See id.* at \*4–\*5.

In sum, because the ultimate consequence of denying the Motion to Leave would be the entry of default and subsequent request for default judgment, each of which would be highly inequitable given the circumstances of this case, the Court should grant the Motion for Leave.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file an untimely answer to Plaintiff's complaint. Defendant attaches the proposed answer as Exhibit A.

9

Dated: January 11, 2025

Respectfully submitted,

*/s/ Fraser M. Holmes*
Fraser M. Holmes
State Bar No. 24110015
S.D. Texas Bar No. 3860555
HICKS JOHNSON PLLC
700 Louisiana Street, Suite 2650
Houston, Texas 77002
Tel: (713) 357-5150
Fax: (713) 357-5160
Email: fholmes@hicksjohnson.com

**Attorney for Defendants Woolery & Co.**
**PLLC and James C. Woolery**

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2025, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure by electronic filing on all counsel of record.

*/s/ Fraser M. Holmes*
Fraser M. Holmes

## CERTIFICATE OF CONFERENCE

I hereby certain that on January 11, 2025, counsel for Defendants contacted counsel for Plaintiffs regarding their opposition to the relief requested herein and counsel did not indicate whether they were opposed or unopposed.

10

_/s/ Fraser M. Holmes_
Fraser M. Holmes

11